**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br>**v.**<br><br>**SAINT JOVITE YOUNGBLOOD**<br>**aka: Kota Youngblood**<br><br>**Defendant** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CRIMINAL No. 1-23-CR-135-RP** |

**AGREED MOTION FOR PROTECTIVE ORDER**

The parties in this case request that the Court enter a protective order limiting use and disclosure of discovery materials. In support thereof, the parties would show the Court as follows.

On August 15, 2023, an indictment was returned in the above-styled cause charging the defendant with violations of wire fraud and money laundering. The discovery in these cases is voluminous and contains a large amount of personal identifying information (PII) that will be time-consuming to redact and may result in delays in disclosing discovery. Accordingly, the parties agree that certain restrictions on the discovery in these cases will both facilitate efficient discovery and protect legitimate interests of individuals and law enforcement and that good cause exists for entry of this order.

**Legal Standard – Protective Orders**

The rules of discovery entitle a federal criminal defendant to certain materials in preparation for trial. However, there is no general constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Trial courts "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted

disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).

Federal Rule of Criminal Procedure 16(d)(1) allows the Court to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief," upon a showing of "good cause." In assessing good cause, a court's consideration "need not be limited to the Government's own interests: a protective order may be issued upon a showing by a party advocating the privacy interests of nonparties." *United States v. Carriles*, 654 F.Supp.2d 557, 566 (W.D. Tex. 2009) (internal quotations and alterations omitted). In crafting limitations on discovery, "the court should seek to ensure that disclosure of discovery materials to a defendant 'involve[s] a minimum hazard to others.'" *Id.* (quoting *Alderman*, 394 U.S. at 185).

A district court's actions regarding discovery are reviewed for an abuse of discretion. *United States v. Mann*, 61 F.3d 326, 331 (5th Cir. 1995). Such actions will be disturbed on a defendant's appeal "only where a defendant demonstrates prejudice to his substantial rights." *United States v. Doucette*, 979 F.2d 1042, 1044–45 (5th Cir. 1992). A district court's decision to grant or modify a protective order is also reviewed for abuse of discretion. *United States v. Morales*, 807 F.3d 717, 720 (5th Cir. 2015).

**Need for Protective Order**

The Government notes discovery contains PII of defendants and witnesses that will be very time-consuming to redact. Accordingly, the parties agree there is good cause to restrict defendants' direct access to discovery materials, including personal identifying information of witnesses, in order to protect the safety and privacy of those individuals.[1]

[1] The agreement that good cause exists to restrict discovery does not constitute an admission by any defendant to the truth of any incriminating allegation contained in the indictment or this motion.

## Request for Protective Order

To facilitate timely discovery, to allow for the efficient and fair preparation of a defense, to protect the victims and witnesses in these cases, and consistent with the foregoing legal standards, the parties request the following restrictions be placed upon the discovery in this case:

1. The Government and defense counsel shall negotiate in good faith to resolve any discovery disputes that may arise.
2. Nothing in the Court's order shall be deemed a waiver by any party of the right to full discovery. The parties retain the right to seek exceptions or modifications to the Court's protective order as appropriate.
3. The Government shall disclose to defense counsel all materials required under Federal Rule of Criminal Procedure 16, the orders of this Court, or other provisions of federal law.
4. The Government may, at its election, disclose materials in beyone those required by Rule 16, the orders of this Court, or other provisions of federal law, subject to the following conditions:
    a. The extent and format of such excess disclosures are solely within the discretion of the Government.
    b. As deemed reasonably necessary by the Government, and in its sole discretion, the Government may place additional restrictions upon such excess disclosures.
    c. If such restrictions are not honored, or if otherwise deemed appropriate by the Government, such excess disclosures may be rescinded by the Government at any time, in which case defense counsel shall be required to relinquish any excess materials as soon as reasonably practicable without retaining a copy.

5. Subject to the limitations contained herein, and in the exercise of their professional judgment, defense counsel shall determine whether, to what extent, and in what manner discovery materials shall be shared with a defendant.

6. Defense counsel shall not provide copies of, or otherwise disclose (or allow the disclosure of) the substance of, any discovery materials or summaries to any person or entity, except as described in this order, without the written consent of the Government or leave of Court. Specifically,

   a. Defense counsel shall not disclose (or allow to be disclosed) any discovery materials or summaries, or the substance thereof, to any person or entity, except as necessary for the preparation of a defense in this case.

   b. No copies of any discovery materials may be provided to the defendant in any form. However, defense counsel may provide summaries of the contents of discovery materials, subject to the following limitations:

      i. Such summaries shall not be verbatim or nearly verbatim reproductions or recitations of discovery materials;

      ii. Such summaries shall contain no PII, except for unredacted names of co-defendants where necessary; and

      iii. Defense counsel shall recover all copies of any such summaries at the conclusion of this case.

   c. Defense counsel shall not disclose (or allow the disclosure of) any discovery materials or summaries, or the substance thereof, to any person not employed or retained by defense counsel in connection with the above-styled cause.

7. Defendants shall be permitted to inspect, view, and listen to discovery materials, if and to the extent defense counsel deems it necessary for the preparation of a defense, subject to the following additional limitations:

   a. The Government may redact personal identifying information (PII) as necessary to protect the privacy, safety, or other legitimate interest of victims, witnesses, and law enforcement.

   b. No PII shall be disclosed to the Defendant in any form whatsoever, except that defense counsel may disclose unredacted names of defendants, witnesses, or victims if defense counsel deems it necessary for the preparation of a defense.

   c. No PII shall be disclosed to any person not employed or retained by defense counsel in connection with the above-styled causes.

   d. Defense counsel will take reasonable steps to prevent unlawful disclosure of PII.

8. After sentencing in these cases or acquittal at trial, all discovery materials shall either be destroyed or returned to the Government as soon as reasonably practicable. Defense counsel may retain discovery materials to the extent necessary to satisfy their professional responsibility or other legal obligations. Further, to the extent that some or all discovery materials are necessary for the preparation of an appeal, leave of Court may be sought to retain such materials pending resolution of any such appeal.

**Conclusion**

For the foregoing reasons, the parties request that the Court enter an order restricting access to discovery as provided above.

Respectfully submitted,

JAIME ESPARZA
United States Attorney

Daniel D. Guess
Daniel D. Guess
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Agreed Motion for Protective Order has been delivered via email to Charly Herring, who approved its content, and by ECF notification on August 24, 2023.

Daniel D. Guess
Daniel D. Guess
Assistant United States Attorney