**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br>**v.**<br><br>**SAINT JOVITE YOUNGBLOOD**<br>**aka: Kota Youngblood**<br><br>**Defendant** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CRIMINAL No. 1-23-CR-135-RP** |

## AGREED PROTECTIVE ORDER

Application having been made before me by the parties in the above-styled causes pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and full consideration having been given to the matters set forth herein, the Court now makes the following findings and issues the following orders:

THE COURT FINDS THAT, for the reasons stated in the motion, there is good and sufficient cause under Federal Rule of Criminal Procedure 16(d) and other applicable law to restrict the dissemination and handling of discovery materials as to the Defendants in the above-captioned cases.

Accordingly,

IT IS ORDERED THAT, to facilitate timely discovery, to allow for the efficient and fair preparation of a defense, to protect the victims and witnesses in these cases, and to ensure that discovery materials are used solely for the purpose of preparing a defense in these cases, the following restrictions shall be placed upon the discovery in these cases until further order of the Court:

1. The Government and defense counsel shall negotiate in good faith to resolve any discovery disputes that may arise.
2. Nothing in this Order shall be deemed a waiver by any party of the right to full discovery. The parties retain the right to seek exceptions or modifications to this protective order as appropriate.
3. The Government shall disclose to defense counsel all materials required under Federal Rule of Criminal Procedure 16, the orders of this Court, or other provisions of federal law.
4. The Government may, at its election, disclose materials in excess of those required by Rule 16, the orders of this Court, or other provisions of federal law, subject to the following conditions:
    a. The extent and format of such excess disclosures are solely within the discretion of the Government.
    b. As deemed reasonably necessary by the Government, and in its sole discretion, the Government may place additional restrictions upon such excess disclosures.
    c. If such restrictions are not honored, or if otherwise deemed appropriate by the Government, such excess disclosures may be rescinded by the Government at any time, in which case defense counsel shall be required to relinquish any excess materials as soon as reasonably practicable without retaining a copy.
5. Subject to the limitations contained herein, and in the exercise of her professional judgment, defense counsel shall determine whether, to what extent, and in what manner discovery materials shall be shared with defendant.
6. Defense counsel shall not provide copies of, or otherwise disclose (or allow the disclosure of) the substance of, any discovery materials or summaries to any person or entity, except

as described in this order, without the written consent of the Government or leave of Court. Specifically,

a. Defense counsel shall not disclose (or allow to be disclosed) any discovery materials or summaries, or the substance thereof, to any person or entity, except as necessary for the preparation of a defense in this case.

a. No copies of any discovery materials may be provided to defendant in any form. However, defense counsel may provide summaries of the contents of discovery materials, subject to the following limitations:

i. Such summaries shall not be verbatim or nearly verbatim reproductions or recitations of discovery materials;

ii. Such summaries shall contain no PII, except for unredacted names of co-defendants where necessary; and

iii. Defense counsel shall recover all copies of any such summaries from their clients at the conclusion of this case.

b. Defense counsel shall not disclose (or allow the disclosure of) any discovery materials or summaries, or the substance thereof, to any person not employed or retained by defense counsel in connection with the above-styled cause.

7. Defendant shall be permitted to inspect, view, and listen to discovery materials, if and to the extent defense counsel deems it necessary for the preparation of a defense, subject to the following additional limitations:

a. The Government may redact personal identifying information (PII) as necessary to protect the privacy, safety, or other legitimate interest of victims, witnesses, and law enforcement.

b. No PII shall be disclosed to the Defendant in any form whatsoever, except that defense counsel may disclose unredacted names of defendants, witnesses, or victims if defense counsel deems it necessary for the preparation of a defense.

c. No PII shall be disclosed to any person not employed or retained by defense counsel in connection with the above-styled cause.

d. Defense counsel will take reasonable steps to prevent unlawful disclosure of PII.

8. After sentencing in these cases or acquittal at trial, all discovery materials shall be destroyed or returned to the Government as soon as reasonably practicable. Defense counsel may retain discovery materials to the extent necessary to satisfy their professional responsibility or other legal obligations. Further, to the extent that some or all discovery materials are necessary for the preparation of an appeal, leave of Court may be sought to retain such materials pending resolution of any such appeal.

Dated: ________________

_________________________________
HONORABLE ROBERT PITMAN
UNIITED STATES DISTRICT COURT JUDGE