UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>v.<br><br>SAINT JOVITE YOUNGBLOOD<br>　a.k.a. Kota Youngblood,<br>　　　　Defendant. | §<br>§<br>§<br>§　CRIMINAL NO. 1:23-CR-135-RP<br>§<br>§<br>§<br>§<br>§<br>§ |

## UNOPPOSED MOTION TO DISMISS COUNTS WITHOUT PREJUDICE

The Government requests that the Court dismiss Counts One, Two, and Three of the Original Indictment, and Counts One, Two, and Five of the Superseding Indictment, without prejudice. In support of this request, the Government would show the Court as follows.

On or about July 6, 2023, Defendant Saint Jovite Youngblood was charged by complaint with wire fraud and money laundering, in violation of 18 U.S.C. §§ 1343 and 1956. Youngblood was arrested and appeared before this Court for an initial appearance on or about July 31, 2023. On August 15, 2023, Youngblood was indicted for two counts of wire fraud and one count of money laundering. This Court set the case for trial on October 23, 2023.

From the outset, the parties agreed that a continuance of trial would be necessary to allow for production of discovery and proper preparation of the case. The Government told defense counsel and the Court that it intended to seek a superseding indictment against Youngblood prior to the original trial date, which it did on October 17, 2023. The superseding indictment retained

1

the three counts from the original indictment and added two new wire fraud counts.[1] All parties believed that the filing of a superseding indictment would automatically "reset" the Speedy Trial deadlines as to all counts, allowing the Court to set this matter for trial at a time when all parties could be sufficiently prepared. On November 7, 2023, Youngblood requested a continuance of all deadlines in this case for approximately 180 days to allow him sufficient time to receive and review discovery from the Government, examine anticipated expert reports, and potentially obtain his own expert; this Court granted that motion on November 8, 2023, excluding all time between October 23, 2023 and April 15, 2024 from the Speedy Trial calculation on the basis that "failure to grant such a continuance in this case would unreasonably deny the Defendant's counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *See* Order [ECF No. 40] at 1.

Unfortunately, the parties' understanding of the Speedy Trial Act appears to have been partially incorrect. Although the filing of a superseding indictment starts a new speedy trial clock for "new" counts not contained in the original indictment, it does not do so for "old" counts that are carried over from the original indictment. *See United States v. Alford*, 142 F.3d 825, 828-30 (5th Cir. 1998). And the Fifth Circuit has said that district courts must "undertake contemporaneous, on-the-record, 'ends of justice' analyses before they can count their continuances as excludable time under the Speedy Trial Act." *United States v. Blackwell*, 12 F.3d 44, 47 (5th Cir. 1994). Although this Court's November 8 order was substantially contemporaneous with the events it described—namely, the understanding between the parties that the Government would seek a superseding indictment and that more time would be needed to

---

[1] Counts One, Two, and Three from the original indictment correspond to Counts One, Two, and Five in the superseding indictment.

prepare for trial—it was likely entered after the Speedy Trial deadline for the old counts had passed. Accordingly, it is unclear whether the Fifth Circuit would consider this Court's November 8 order sufficiently "contemporaneous" to effectively extend the Speedy Trial deadlines as to the old counts.

The sanction for failure to bring a defendant to trial within the specified time is dismissal of the relevant charge upon the defendant's request. *See* 18 U.S.C. § 3162(a)(2). Such dismissal may be with or without prejudice; in deciding which is appropriate, the Speedy Trial Act requires the Court to consider the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice. *See id.* Here, the government's position is that all factors weigh in favor of dismissal without prejudice. First, Defendant's crime is especially serious, involving large-scale fraud and significant losses to many victims. Second, any violation of the Speedy Trial deadline in this case was based on the parties' previous agreement that the trial would have to be continued and their mutual misunderstanding that the filing of a superseding indictment would help accomplish that goal. Finally, neither the Speedy Trial Act nor the administration of justice will be harmed by dismissal without prejudice in this case, both because any violation was inadvertent and because Youngblood would nevertheless face trial under Counts Three and Four of the superseding indictment. Thus, under the circumstances, dismissal without prejudice of the potentially past-deadline counts is appropriate.

Therefore, in an abundance of caution, the Government requests that this Court dismiss without prejudice Counts One, Two, and Three of the original indictment and Counts One, Two, and Five of the superseding indictment in this case, leaving active Counts Three and Four of the

superseding indictment. The Government will then seek a second superseding indictment, re-charging all offenses. If such an indictment is returned, the Government will then seek to have all counts joined together under the new scheduling order for the reasons stated in Youngblood's motion for continuance and tried on April 15, 2024. The Government has conferred with counsel for Defendant Youngblood, who is unopposed to the government's motion and takes no position as to the relief sought.

*Respectfully submitted*,

JAIME ESPARZA
UNITED STATES ATTORNEY

By:
*/s/ Matt Harding*
MATT HARDING
DANIEL D. GUESS
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing motion has been delivered via electronic delivery on the CM/ECF system on December 8, 2023, to:

Charly Herring
Jose Gonzalez-Falla
Attorneys for Defendant Saint Jovite Youngblood

                                                           /s/
                                        Matt Harding
                                        Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>SAINT JOVITE YOUNGBLOOD,<br>Defendant. | §<br>§<br>§<br>§  CRIMINAL NO. 1:23-CR-135-RP<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### ORDER

The Court having considered the Government's Motion To Dismiss Counts Without Prejudice, it is hereby

ORDERED that the Government's motion is GRANTED;

IT IS FURTHER ORDERED that Counts One, Two, and Three of the Original Indictment [ECF No. 21] and Counts One, Two, and Five of the Superseding Indictment [ECF No. 32] are DISMISSED WITHOUT PREJUDICE to refiling, for substantially the reasons stated in the Government's motion;

IT IS FINALLY ORDERED that Counts Three and Four of the Superseding Information are unaffected by this order and remain active and pending.

SIGNED this _____ day of _____, 2023.

_____
ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE