UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, § § § | |
| v. § § | CRIMINAL NO. A-23-CR-135-RP |
| SAINT JOVITE YOUNGBLOOD § a.k.a. Kota Youngblood, § Defendant. § § | |

## GOVERNMENT'S MOTIONS IN LIMINE

The United States moves for orders granting the Government's motions in limine as set forth below. The Government seeks orders regarding the following:

1. Prohibiting counsel from arguing for jury nullification;

2. Prohibiting any reference to potential sentences or consequences resulting from a conviction; and

3. Prohibiting argument or testimony indicating that victims' naivety, carelessness, negligence, greed, or foolishness, or unreasonable reliance on the statements of the defendant, constitute a defense to wire fraud.

The Government has conferred with defense counsel, who are in agreement regarding topics 1 and 2, above, but oppose an order from the Court regarding topic 3.

## ARGUMENT AND AUTHORITIES

**I. Victims' naivety, carelessness, negligence, greed, or foolishness, or unreasonable reliance on a defendant's statements, is not a defense to wire fraud.**

A victim's negligence is not a defense to criminal conduct. *United States v. Kreimer*, 609 F.2d 126, 132 (5th Cir. 1980). Indeed, the laws protecting against fraud are most needed to protect the careless and the naive from predators, and they are designed for that purpose. *Id.* Although wire fraud does require proof of false *material* promises, pretenses, or representations, *see United States v. Lucas*, 516 F.3d 316, 339 (5th Cir. 2008), the purpose of the element of materiality is to

1

ensure that a defendant actually intended to create a scheme to defraud. *United States v. Svete*, 556 F.3d 1157, 1165 (11th Cir. 2009); *see also United States v. Thomas*, 377 F.3d 232, 242 (2d Cir. 2004) ("The role of the ordinary prudence and comprehension standard is to assure that the defendant's conduct was calculated to deceive, not to grant permission to take advantage of the stupid or careless.").

In the context of wire fraud, a misrepresentation is material if it has a natural tendency to influence, or is capable of influencing, the decision of the person to which it was addressed. *Lucas*, 516 F.3d at 339. Accordingly, a statement could be material, even though only an unreasonable person would rely on it, if the maker knew or had reason to know his victim was likely so to rely. *United States v. Davis*, 226 F.3d 346, 359 (5th Cir. 2000). Thus, this Court should prohibit any testimony or argument to the effect that the victims' naivety, carelessness, negligence, greed, or foolishness, or unreasonable reliance on a defendant's statements, constitute a defense to wire fraud.[1]

## **CONCLUSION**

The Government respectfully requests that the Court enter orders excluding the above-referenced evidence or arguments unless and until the defense first approaches the Court, outside

---

[1] Relatedly, Federal Rule of Evidence 611(a)(3) instructs judges to exercise reasonable control over the questioning of witnesses to protect those witnesses from harassment or undue embarrassment. Fed. R. Evid. 611.

the presence of the jury, and obtains the Court's permission to make such argument or offer such evidence.

*Respectfully submitted,*

JAIME ESPARZA
UNITED STATES ATTORNEY

<u>/s/ *Matt Harding*</u>
MATT HARDING
DANIEL D. GUESS
Assistant U.S. Attorneys
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
Office: (512) 916-5858
Fax:    (512) 916-5854

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, § § § | |
| v. § § | CRIMINAL NO. A-23-CR-135-RP |
| SAINT JOVITE YOUNGBLOOD § a.k.a. Kota Youngblood, § Defendant. § § | |

## ORDER ON GOVERNMENT'S MOTION IN LIMINE

The Court, having reviewed the Government's Motion in Limine, the argument of counsel, and the case file in this case, hereby ORDERS:

I. The Government's motion in limine to prohibit counsel from arguing for jury nullification is GRANTED/DENIED.

II. The Government's motion in limine to prohibit any reference to potential sentences or consequences resulting from a conviction is GRANTED/DENIED.

III. The Government's motion in limine to prohibit argument or testimony indicating that victims' naivety, carelessness, negligence, greed, or foolishness, or unreasonable reliance on the statements of the defendant, constitute a defense to wire fraud is GRANTED/DENIED.

This is a preliminary order only. Prior to making any arguments or offering any evidence or testimony excluded above, counsel must approach the Court outside the presence of the jury and obtain the Court's permission to make such argument or offer such evidence or testimony.

_____
ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the Government's motion and proposed order have been delivered on March 1, 2024 via the CM/ECF system to:

Charly Herring
Jose Gonzalez-Falla
Attorneys for Defendant Saint Jovite Youngblood

                                                /s/ *Matt Harding*
                                                MATT HARDING
                                                Assistant U.S. Attorney
                                                903 San Jacinto Blvd., Suite 334
                                                Austin, Texas 78701
                                                Office: (512) 916-5858
                                                Fax:    (512) 916-5854