UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| V. | §   NO.   A-23-CR-135 (RP) |
| | § |
| SAINT JOVITE YOUNGBLOOD | § |
| | § |

**DEFENDANT SAINT YOUNGBLOOD'S RESPONSE TO THE GOVERNMENT'S MOTIONS *IN LIMINE***

TO THE HONORABLE ROBERT PITMAN, UNITED STATES DISTRICT JUDGE:

Mr. Youngblood, through undersigned counsel, respectfully submits this response to the government's motion in limine No. 3.[1] ECF No. 67 (Gov't Motions in Limine).

The government requests the Court prohibit any argument or testimony concerning the "victims' naivety, carelessness, negligence, greed, or foolishness, or unreasonable reliance on the statements of the defendant." If granted, the jury would be deprived of highly relevant evidence. These topics bear directly on the element of material misrepresentation, which the government must prove beyond a reasonable doubt at trial. *See* 5th Circuit Pattern Jury Instruction No. 2.57 (Wire Fraud). By seeking to limit the defense's ability to inquire into the materiality of the alleged misrepresentations the government is seeking a one-sided presentation of facts to the jury. Materiality is an element of the offense, and Mr. Youngblood has a right to draw out relevant facts for the jury to consider on this issue.

The Court should deny the government's motion in limine. To prove wire fraud, the government must show a scheme to defraud, the use of wire communications in furtherance of the scheme, and the defendant's specific intent to participate in the scheme. *United States v. Stalnaker,*

---

[1] As stated in the government's motion, the defense does not object to the government's requested motions in limine numbered 1 (jury nullification) and 2 (sentencing exposure from conviction).

571 F.3d 428, 436 (5th Cir. 2009). The government must also prove the materiality of the false statements or misrepresentations. *Neder v. United States*, 527 U.S. 1, 25 (1999). The materiality of the misrepresentations is, therefore, an element which the government must prove beyond a reasonable doubt. Fifth Circuit Pattern Jury Instructions 2.57. "The test for materiality is whether a misrepresentation 'has a natural tendency to influence, or is capable of influencing, the decision-making body to which it was addressed.'" *Id.* (citing *United States v. Radley*, 632 F.3d 177, 185 (5th Cir. 2011)).

The Government can prove materiality in either of two ways. Fifth Circuit Pattern Jury Instructions 1.40. First, a representation can be "material" if a reasonable person would attach importance to its existence or nonexistence. *Id.* Second, a statement could be material, even though only an unreasonable person would rely on it, if the person who made the statement knew or had reason to know the person was likely to rely on it. *Id.* Fraud requires more than mere deceit. *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987) ("For § 1343 forbids only schemes to defraud, not schemes to do other wicked things, *e.g.,* schemes to lie, trick, or otherwise deceive."). A lie can only support a fraud conviction if it is material—that is only if a reasonable person would attach importance to it or if Mr. Youngblood knew or had reason to know the victims would unreasonably rely on the misrepresentations.

Testimony as to what statements influenced the government's victims and why they decided to give Mr. Youngblood and Mr. Holloway money directly bears upon the element of materiality. Further, the second prong of the definition of "material" specifically contemplates an unreasonable person. The effect of Mr. Youngblood's statements on the individuals who paid money is critical evidence to the fact question of materiality. If a reasonable person would not rely

on such statements and if Mr. Youngblood did not have reason to know they would unreasonably rely on those statements, the misrepresentations are not material.

In the Fifth Circuit, "[m]ateriality is a question of law and fact and it is usually left for the jury." *United States v. Peterson*, 101 F.3d 375, 380 (5th Cir. 1996). The government bears the burden of proving this element of the offense, like all others, beyond a reasonable doubt, and a defendant has a constitutional right to have the jury instructed on the question of materiality. *United States v. Gaudin*, 515 U.S. 506, 522-23 (1995). The government seeks to block Mr. Youngblood from presenting evidence that would challenge an element of the offense.

The Constitution guarantees a defendant "a meaningful opportunity to present a complete defense." *Nevada v. Jackson*, 569 U.S. 505, 509 (2013) (quoting *California v. Trombetta,* 467 U.S. 479, 485 (1984)). An essential component of this right is an opportunity to be heard—that opportunity would be an empty one if the government were permitted to exclude competent, reliable evidence. *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (holding trial court erred in excluding exculpatory testimony bearing on the credibility of defendant's confession). Mr. Youngblood has a constitutional right to present a complete defense, which includes a right to introduce relevant and reliable evidence as to an element of the offense.

Defense counsel has no intention of arguing an incorrect statement of the law on the element of materiality. But the court should deny the government's request to prohibit "any testimony or argument" related to why government witnesses decided to or were convinced to give money to Mr. Holloway and Mr. Youngblood as such testimony is directly relevant to the element of materiality of the misrepresentations at issue in this case.

Mr. Youngblood respectfully asks this Court to deny the government's requested motion in limine No. 3 (ECF No. 67) on this point.

Respectfully submitted,

MAUREEN SCOTT FRANCO
Federal Public Defender

_____
/s/ CHARLOTTE A. HERRING
Assistant Federal Public Defender
Western District of Texas
Lavaca Plaza
504 Lavaca St., Ste. 960
Austin, Texas 78701
(512) 916-5025
(512) 916-5035 (FAX)
TX Bar Number: 24064026
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of March 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Dan Guess
Matt Harding
Assistant U.S. Attorneys
903 San Jacinto, Ste. 334
Austin, TX 78701

_____
/s/ CHARLOTTE A. HERRING