UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | |
| Plaintiff, | § § | CRIMINAL NO. 1:23-CR-135-RP |
| v. | § § | |
| **SAINT JOVITE YOUNGBLOOD** | § § | |
| a.k.a. Kota Youngblood, | § | |
| Defendant. | § | |

### GOVERNMENT'S REQUESTED VOIR DIRE QUESTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

The Government respectfully requests that the Court ask the following questions during jury selection.

1. Has anybody ever been personally affected by fraud, or had a close friend or family member who has?

   If so:

   a. Please briefly describe your experience or the experience of your friend or family member. You may approach the bench if you would like to discuss it privately.

   b. Did that experience affect you so strongly that if would be difficult or impossible for you to put it aside and base your verdict in this case solely on the evidence presented at trial and the law as I give it to you?

2. Does anyone have strong feelings, positive or negative, regarding law enforcement?

   If so:
   a. What are your feelings regarding law enforcement?

   b. Are your feelings so strong that it would be difficult or impossible for you to put them aside and base your verdict solely on the evidence you hear in the courtroom

1

  and the law as I give it to you?

3. Has anybody here, or a close friend or family member, ever been arrested for, or accused of, a crime other than a minor traffic offense (but including DWIs)? You may approach the bench if you would like to discuss it privately.

   If so:

   a. Was it you or a friend/family member?

   b. What crime?

   c. When?

   d. What was the result of the case?

   e. Do you feel you were treated fairly by police and/or the court?

   f. Is there anything about this experience that would make it difficult or impossible for you to render a verdict based solely on the evidence you hear in the courtroom and the law as I give it to you?

4. It is a juror's duty to base their verdict solely upon the evidence, without prejudice or sympathy. If you are chosen for this jury, that is the promise you will make and the oath you will take before being accepted by the parties as jurors, and they have the right to expect nothing less.

   If the Government proves its case beyond a reasonable doubt, it would be your duty to convict Mr. Youngblood despite any dislike you may have for the Government or its witnesses, or any sympathy you may feel toward Mr. Youngblood. Is there anybody here who would be reluctant or unwilling to do so?

5. The law states that naivety, carelessness, negligence, or stupidity of a victim does not excuse criminal conduct by a defendant. If the Government proves its case beyond a reasonable doubt, it would be your duty to convict Mr. Youngblood even if you believed the victims acted naïvely, carelessly, negligently, or stupidly. Is there anybody here who would be reluctant or unwilling to do so?

6. If Mr. Youngblood is convicted of any count, it will be the Court's job to decide what the punishment will be.  The law does not allow jurors to consider or discuss sentencing or punishment when reaching a verdict.

   a. Is there anybody here who would find it difficult or impossible to reach a decision about Mr. Youngblood's guilt without considering punishment?

   b. Is there anybody here who would find it difficult or impossible to find Mr.

   Youngblood guilty, even if you were convinced of his guilt beyond a reasonable doubt, simply because you would not be allowed to decide his punishment?

7. Have you or any member of your immediate family ever had a legal dispute with the federal government? If so, please state the nature of the dispute, the resolution of the matter, and when and where the dispute occurred.

    a. Do you feel you were treated fairly or unfairly by the federal government employees?

    b. Because of those experiences, do you feel you could not be fair to or would be biased against those government witnesses who work in law enforcement or for the government?

8. A defendant has a Fifth Amendment right not to testify at trial, and the law states that a juror may not consider a defendant's decision not to testify as any evidence of his or her guilt. Indeed, a defendant may choose not to testify for any number of reasons, including a belief that the Government has not proven its case, or a fear of appearing nervous while publicly speaking. Keeping in mind Mr. Youngblood's absolute constitutional right not to testify, is there anybody here who would hold it against him if he chose not to testify in this trial or consider it evidence of his guilt?

9. As a juror, one of your jobs will be to assess the credibility of witnesses. After a witness testifies, you may credit all, some, or none of that witness's testimony. However, you may not "prejudge" the credibility of a witness—that is, you cannot decide *in advance* that you believe or disbelieve a witness simply because of their profession, age, appearance, or any other factor. With that in mind, would any of you be more or less inclined to believe the testimony of a government agent or employee before hearing that testimony, simply because he or she was a government agent or employee?

10. The government has the burden of proving the defendant guilty beyond a reasonable doubt.

    A reasonable doubt is doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

    Is there anybody here who would hold the Government to a higher standard? For instance, is there anyone here who would only find Mr. Youngblood guilty if the government proved his guilt beyond all possible doubt?

11. Do you have any strongly held personal beliefs (religious, philosophical, or otherwise) that would prevent you from sitting in judgment of another person and voting on their guilt?

12. Is there anybody here who knows of any reason why they might not be suitable to sit on this jury because of the nature of the charges against Mr. Youngblood or for any other reason we have not yet discussed?

        Respectfully submitted,
        JAIME ESPARZA
        UNITED STATES ATTORNEY

By:       /s/
        MATT HARDING
        DANIEL D. GUESS
        Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been delivered via electronic delivery on the CM/ECF system on April 3, 2024, to:

Charly Herring
Jose Gonzalez-Falla
Attorneys for Defendant Saint Jovite Youngblood

                                                    _____/s/_____
                                                    Matt Harding
                                                    Assistant United States Attorney