UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO.   A-23-CR-135 (RP) |
| | § | |
| SAINT JOVITE YOUNGBLOOD | § | |

**DEFENDANT SAINT YOUNGBLOOD'S PROPOSED ADDITIONAL JURY INSTRUCTION ON CAUSATION AND PROPOSED VERDICT FORM**

TO THE HONORABLE ROBERT PITMAN, UNITED STATES DISTRICT JUDGE:

Saint Youngblood, through undersigned counsel, requests the Court give an expanded causation instruction to the jury in addition to the jury instructions previously proposed jointly by the parties.

Mr. Youngblood is entitled to the proposed instruction on the element of causation because the instruction contains a correct statement of the law, the instruction is not substantially covered in the government's proposed jury instruction, and it speaks to an essential element of Mr. Youngblood's defense and failure to give it would impair his ability to present and argue his defense to the jury. *See United States v. Greenlaw*, 84 F.4th 325, 352–53 (5th Cir. 2023) (a district court's refusal to give a requested instruction constitutes reversible error if "(1) the instruction is substantively correct; (2) it is not substantially covered in the charge actually given to the jury; and (3) it concerns an important point in the trial so that the failure to give it seriously impairs the defendant's ability to present a given defense effectively." )

## EXPANDED CAUSATION

The government must prove that Mr. Youngblood transmitted or caused to be transmitted a communication by way of wire. A person "causes" a wire transmission to be used "[w]here one does an act with knowledge that the use of the [wire] will follow in the ordinary course of business, or where such use can reasonably be foreseen."[1]

Furthermore, the use of the wire caused by the defendant must be either "a part of the execution of the fraud" or "incident to an essential part of the scheme."[2] To show that a wire is "incident to an essential part of the scheme," the government must demonstrate that "completion of the alleged scheme ... depend[ed] in some way on the information or documents that passed through the [wire]."[3]

The federal wire fraud statute "does not purport to reach all frauds, but only those limited instances in which the use of [a wire] is a part of the execution of the fraud, leaving all other cases to be dealt with by appropriate [other] law."[4] For you to convict Mr. Youngblood, you must find that the use of the wire was "for the purpose of executing" the scheme to defraud. "The relevant question at all times is whether the [wire transmission] is part of the execution of the scheme as conceived by the perpetrator at the time…"[5] It is not sufficient that a wire transmission merely occurred during a scheme to defraud, the use of the wire must have been in furtherance of the scheme to defraud.[6]

---

[1] *Pereira v. United States*, 347 U.S. 1, 8-9 (1954).
[2] *Parr v. United States,* 363 U.S. 370, 390 (1960).
[3] *United States v. Ingles*, 445 F.3d 830, 835 (5th Cir. 2006).
[4] *Id*. at 837.
[5] *Schmuck v. United States*, 489 U.S. 705, 715 (1989).
[6] *Ingles*, 445 F.3d 830, 837 (5th Cir. 2006).

To prove that Mr. Youngblood caused the wire transmission, the government must, therefore, demonstrate beyond a reasonable doubt that he engaged in a scheme to defraud in which he contemplated that a wire would likely be used.[7]

Authority: *Pereira v. United States*, 347 U.S. 1, 8-9 (1954) (holding that when a person does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he 'causes' the mails to be used as required by the mail fraud statute); *Parr v. United States,* 363 U.S. 370, 390 (1960) (holding that the federal mail fraud statute "does not purport to reach all frauds, but only those limited instances in which the use of the mails is a part of the execution of the fraud, leaving all other cases to be dealt with by appropriate state law." In order to fall within the federal mail fraud statute, the mailings at issue must have been a "part of the execution of the fraud" or the mailings must have been "incident to an essential part of the scheme."); *United States v. Ingles*, 445 F.3d 830, 835-38 (5th Cir. 2006) (holding that mail fraud requires a showing that the mailings caused by the defendant must be "incident to an essential part of the scheme." In order to show that a mailing is incident to an essential part of the scheme the government must demonstrate that "completion of the alleged scheme…depend[ed] in some way on the information or documents that passed through the mail." It is insufficient to merely show that scheme to defraud caused a mailing.); *Schmuck v. United States*, 489 U.S. 705, 715 (1989) (holding that the relevant question is whether the mailing was part of the execution of the scheme to defraud as conceived by the perpetrator at the time of the mailing): *United States v. Massey*, 827 F.2d 995, 1002 (5th Cir. 1987).

---

[7] *United States v. Massey*, 827 F.2d 995, 1002 (5th Cir. 1987).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO.   A-23-CR-135 (RP) |
| | § | |
| SAINT JOVITE YOUNGBLOOD | § | |
| | § | |

**PROPOSED VERDICT FORM**

**COUNT ONE:**
**WIRE FRAUD**
**18 U.S.C. § 1343 and 18 U.S.C. § 2**

As to Count One, which charges that on or about July 27, 2022, the Defendant knowingly caused to be transmitted a wire transaction in the amount of $36,000 drawn from a Washington Federal Bank account in Seattle, Washington, that was deposited to E.P.'s Wells Fargo Bank Account xxx6673 in Austin, Texas, for payment to provide protection against threats to E.P. and family, we, the Jury, unanimously find Saint Jovite Youngblood:

____ Not Guilty ____ Guilty.

**COUNT TWO:**
**WIRE FRAUD**
**18 U.S.C. § 1343 and 18 U.S.C. § 2**

As to Count Two, which charges that on or about August 16, 2022, the Defendant knowingly caused to be transmitted a wire transaction in the amount of $50,000 drawn from a Washington Federal Bank account in Seattle, Washington, that was deposited to E.P.'s Wells Fargo Bank Account xxx6673 in Austin, Texas, for payment to provide protection against threats to E.P. and family, we, the Jury, unanimously find Saint Jovite Youngblood:

\_\_\_\_ Not Guilty \_\_\_\_ Guilty.

### COUNT THREE:
### WIRE FRAUD
### 18 U.S.C. § 1343 and 18 U.S.C. § 2

As to Count Three, which charges that on or about September 30, 2021, the Defendant knowingly caused to be transmitted a wire transaction in the amount of $235,000 drawn from a Fidelity Roth IRA account in New York, New York, that was deposited to G.S.'s Wells Fargo Bank Account xxx2952, in Austin, Texas for payment to provide protection against threats to A.H. and family, we, the Jury, unanimously find Saint Jovite Youngblood:

\_\_\_\_ Not Guilty \_\_\_\_ Guilty.

### COUNT FOUR:
### WIRE FRAUD
### 18 U.S.C. § 1343 and 18 U.S.C. § 2

As to Count Four, which charges that on or about July 3, 2023, the Defendant knowingly caused to be transmitted a wire transaction in the amount of $19,800 drawn from H.L.'s Bank of America account in Arcadia, California, that was deposited to Youngblood's Navy Federal Credit Union account xxx7070, in Austin, Texas, for payment to facilitate an investment related to gold, we, the Jury, unanimously find Saint Jovite Youngblood:

\_\_\_\_ Not Guilty \_\_\_\_ Guilty.

**COUNT FIVE:**
**ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY**
**18 U.S.C. § 1957**

As to Count Five, which charges that on or about July 27, 2022, the Defendant did knowingly engage in a monetary transaction in criminally derived property—*to wit:* a check in the amount on $83,000 drawn on E.P.'s business account at Wells Fargo Bank Account xxx7818 in Austin, Texas to J.H. J.H. then cashed the check and provided the proceeds to Youngblood—criminally derived property of a value greater than $10,000, which property was derived from specified unlawful activity, namely, Wire Fraud as alleged in Count One, we, the Jury, unanimously find Saint Jovite Youngblood:

_____ Not Guilty _____ Guilty.

Respectfully submitted,

MAUREEN SCOTT FRANCO
Federal Public Defender

_____
/s/ CHARLOTTE A. HERRING
Assistant Federal Public Defender
Western District of Texas
Lavaca Plaza
504 Lavaca St., Ste. 960
Austin, Texas 78701
(512) 916-5025
(512) 916-5035 (FAX)
TX Bar Number: 24064026
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of April 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Dan Guess
Matt Harding
Assistant U.S. Attorneys
903 San Jacinto, Ste. 334
Austin, TX 78701

_____
/s/  CHARLOTTE A. HERRING