IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

APR 2 3 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CR-135-RP |
| | § | |
| SAINT JOVITE YOUNGBLOOD, | § | |
| Defendant. | § | |

## JURY CHARGE

Members of the Jury:

In any jury trial there are, in effect, two judges: I am one of the judges; the other is you the jury. It is my duty to preside over the trial and determine what evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow in arriving at your verdict.

First, I will give you some general instructions that apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case. Finally, I will explain to you the procedure you should follow in your deliberations.

## INSTRUCTION NO. 1

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened in this case—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You must follow my instructions as a whole. You have no right to disregard or give special attention to any one instruction or to question the wisdom or correctness of any rule I may state to

you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

## INSTRUCTION NO. 2

## PRESUMPTION OF INNOCENCE

The Government has charged Mr. Youngblood with violations of federal criminal law in a Second Superseding Indictment, which I will refer to in these instructions simply as the indictment. The indictment, or formal charge against Mr. Youngblood, is not evidence of guilt. Indeed, Mr. Youngblood is presumed by the law to be innocent. Mr. Youngblood begins with a clean slate. The law does not require Mr. Youngblood to prove his innocence or produce any evidence at all.

## INSTRUCTION NO. 3

## BURDEN OF PROOF: BEYOND A REASONABLE DOUBT

The government has the burden of proving each element of each offense beyond a reasonable doubt and, if it fails to do so, you must acquit Mr. Youngblood. The law does not require Mr. Youngblood to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit him, unless you the jurors are satisfied beyond a reasonable doubt of Mr. Youngblood's guilt, after a careful and impartial consideration of all the evidence in the case.

Although the government's burden of proof is a strict or heavy burden, it is not necessary that Mr. Youngblood's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any reasonable doubt concerning his guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is

proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

## INSTRUCTION NO. 4

## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations and exhibits that I have admitted in the case.  Statements, arguments, questions, and objections by the lawyers are not evidence.  Testimony that the court excludes or tells you to disregard is not evidence and must not be considered.  Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits.  You must disregard those questions and exhibits entirely.  Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.  Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision.  Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## INSTRUCTION NO. 5

## EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL EVIDENCE

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

You may consider both direct and circumstantial evidence. You should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of Mr. Youngblood's guilt beyond a reasonable doubt before you can find him guilty.

## INSTRUCTION NO. 6

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of Mr. Youngblood beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some

part, or none of what each person had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions:

- Did the person impress you as honest?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness have any relationship with either the Government or Mr. Youngblood?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from the testimony of other witnesses?

These are but a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of the defendant should be weighed, and his credibility evaluated, in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decision simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You must always bear in mind that the law never imposes upon Mr. Youngblood the burden or duty of calling any witnesses or producing any evidence.

## INSTRUCTION NO. 7

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, that is inconsistent with the testimony the witness gave at trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true; you may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## INSTRUCTION NO. 8

## CREDIBILITY OF WITNESSES—LAW ENFORCEMENT OFFICER

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

## INSTRUCTION NO. 9

## EXPERT WITNESSES

During the trial you heard the testimony of Jason Rzepniewski, who has expressed opinions concerning the approximate value or lack of value or certain physical objects and exhibits. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in

determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## INSTRUCTION NO. 10

### TRANSCRIPTS OF RECORDED CONVERSATIONS

Certain exhibits have been identified as typewritten transcripts of oral conversations heard on tape recordings received in evidence as other exhibits. The typewritten transcripts also purport to identify the speakers engaged in such conversations.

These typewritten transcripts have been admitted for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the tape that is evidence, not the transcripts.

## INSTRUCTION NO. 11

## SUMMARY EXHIBITS AND TESTIMONY

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case. You should give them only such weight as you think they deserve.

The charts and summaries include inferences or conclusions drawn from the records underlying them. It is up to you to determine if these inferences or conclusions are accurate.

Summary testimony by a witness and charts or summaries prepared or relied upon by the witness have been received into evidence for the purpose of explaining facts disclosed by testimony and exhibits which are also in evidence in this case. If you find that such summary testimony and charts correctly reflect the other evidence in the case, you may rely upon them. But if and to the extent that you find they are not in truth summaries of the evidence in the case, you are to disregard them. The best evidence of what occurred are the underlying records themselves.

## INSTRUCTION NO. 12

## USE OF NOTES TAKEN BY JURORS

Any notes that you have taken during this trial are only aids to your memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## INSTRUCTION NO. 13

## ON OR ABOUT

The indictment charges that each offense was committed on or about a specified date. The Government does not have to prove that each crime was committed on that exact date, so long as

the Government proves beyond a reasonable doubt that Mr. Youngblood committed each crime on dates reasonably near the dates stated in the indictment.

## INSTRUCTION NO. 14

## STIPULATIONS OF FACT

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

## INSTRUCTION NO. 15

## CAUTION--CONSIDER ONLY CRIME CHARGED

You are here to decide whether the Government has proved beyond a reasonable doubt that Mr. Youngblood is guilty of the crimes charged in the indictment. Mr. Youngblood is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial in this case, except as you may be otherwise instructed.

## INSTRUCTION NO. 16

## OTHER ACTS

You have heard evidence of acts of Mr. Youngblood which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding Mr. Youngblood committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that Mr. Youngblood did commit the acts charged in the indictment, then you may consider evidence of the other acts allegedly committed on other occasions to determine:

Whether Mr. Youngblood had the state of mind or intent necessary to commit the crime charged in the indictment; or

Whether Mr. Youngblood had a motive or the opportunity to commit the acts charged in the indictment; or

Whether Mr. Youngblood acted according to a plan or in preparation for commission of a crime; or

Whether Mr. Youngblood committed the acts for which he is on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.

## INSTRUCTION NO. 17

## CAUTION--PUNISHMENT

If Mr. Youngblood is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way.  It should not enter your consideration or discussion.

## INSTRUCTION NO. 18

## SINGLE DEFENDANT—MULTIPLE COUNTS

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find Mr. Youngblood guilty or not guilty as to one of the crimes charged in one count should not control your verdict as to any other count.

I will now give you the legal instructions specific to the crimes charged in the indictment.

## SUBSTANTIVE OFFENSE INSTRUCTIONS

## COUNTS ONE THROUGH FOUR

## WIRE FRAUD IN VIOLATION OF 18 U.S.C. § 1343

## INSTRUCTION NO. 19

Counts One through Four of the indictment charge Mr. Youngblood with Wire Fraud, in violation of Title 18, United States Code, Section 1343. That statute makes it a crime for anyone to use interstate or foreign wire communications in carrying out a scheme to defraud.

For you to find Mr. Youngblood guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That Mr. Youngblood knowingly devised or intended to devise any scheme to defraud, that is Mr. Youngblood schemed to obtain money from victims through false and fraudulent promises and representations that the funds obtained would be used to provide protection from violence by Mexican drug cartel members; and Mr. Youngblood also represented that any money provided to him would be returned to the investor with a significant return on the investment money, when in fact Mr. Youngblood used the majority of the money to gamble in Las Vegas and for his personal benefit;

*Second*: That the scheme to defraud employed false material representations, false material pretenses, or false material promises;

*Third*: That Mr. Youngblood transmitted or caused to be transmitted by way of wire communications, in interstate or foreign commerce, any writing, sign, signal, picture, or sound for the purpose of executing such scheme; and

*Fourth*: That Mr. Youngblood acted with a specific intent to defraud.

A "scheme to defraud" means any plan or course of action intended to deprive another of money or property by using false or fraudulent pretenses, representations, or promises.

A "specific intent to defraud" means a conscious, knowing intent to deprive a person of money or property through deception.

A representation, pretense, or promise is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation, pretense, or promise would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that Mr. Youngblood knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the material transmitted by wire communications was itself false or fraudulent, or that the use of the interstate or foreign wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the interstate or foreign wire communications facilities was closely related to the scheme because Mr. Youngblood either wired something or caused it to be wired in interstate or foreign commerce in an attempt to execute or carry out the scheme.

The alleged scheme need not actually succeed in defrauding anyone.

To "cause" interstate or foreign wire communications facilities to be used is to do an act with knowledge that the use of the wire communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen. It is sufficient that the defendant knew or

could reasonably have foreseen the use of wire communication facilities; the interstate nature of the wire communication need not have been known by, or reasonably foreseeable to, the defendant.

Each separate use of the interstate or foreign wire communications facilities in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.

## COUNT FIVE

### ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY

### INSTRUCTION NO. 20

Title 18, United State Code, Section 1957, makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified criminal activity.

For you to find Mr. Youngblood guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First*: that Mr. Youngblood knowingly engaged in a monetary transaction;

*Second*: that the monetary transaction was of a value greater than $10,000;

*Third*: that the monetary transaction involved criminally derived property;

*Fourth*: that criminally derived property was derived from specified unlawful activity, namely, Wire Fraud as alleged in Count One of the indictment;

*Fifth*: that Mr. Youngblood knew that the monetary transaction involved criminally derived property; and

*Sixth*: that the monetary transaction took place within the United States.

The term "criminally derived property" means any property constituting or derived from, proceeds obtained from a criminal offense.

The Government is not required to prove that Mr. Youngblood knew that the offense from which the "criminally derived property" was derived constituted "specific unlawful activity" as defined by the statute creating this offense. The Government must prove, however, that Mr. Youngblood knew that the involved property was obtained or derived from the commission of a crime.

The term "specified unlawful activity" includes Wire Fraud in violation of Title 18, United States Code, Section 1343.

## INSTRUCTION NO. 21

## "KNOWINGLY"—TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## INSTRUCTION NO. 22

## COMMERCE – DEFINED

Commerce includes travel, trade, transportation, and communication.

## INSTRUCTION NO. 23

## INTERSTATE COMMERCE—DEFINED

Interstate commerce means commerce or travel between one state, territory, or possession of the United States and another state, territory, or possession of the United States, including the District of Columbia.

## INSTRUCTION NO. 24

## FOREIGN COMMERCE—DEFINED

Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

## INSTRUCTION NO. 25

## MATERIALITY

As used in these instructions, a representation, statement, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed. The Government can prove materiality in either of two ways. First, a representation, pretense, or promise is "material" if a reasonable person would attach importance to its existence or nonexistence in determining his or her choice of action in the transaction in question. The Government need not prove that a reasonable person would have believed Defendants' false statements, but only that a reasonable person would have considered the issue "of importance." Second, a representation, pretense, or promise is "material" if the maker of the representation knows or has reason to know that its recipient regards or would be likely to regard the matter as important in determining his choice of action, even if a reasonable person would not.

In determining materiality, you should consider that naivety, carelessness, negligence, or stupidity of a victim does not excuse criminal conduct, if any, on the part of the defendant.

## [CLOSING ARGUMENTS]

## INSTRUCTION NO. 26

## DUTY TO DELIBERATE—VERDICT FORM

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration

of the evidence with your fellow jurors. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the Government has proved Mr. Youngblood guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreman or presiding juror, who will help to guide your deliberations and will speak for you here in the courtroom.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, Instagram, Snapchat, LinkedIn, YouTube, Twitter, or any other on-line or social-media source to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you need to communicate with me during your deliberations, the presiding juror should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message. If you send a written message or question to the court, however, do not volunteer any information as to how the jury is divided for conviction or acquittal at that particular time.

A verdict form has been prepared for your convenience.  For each of Counts One through Five, the presiding juror will write the unanimous verdict of the jury in the space provided, either "Guilty" or "Not Guilty."

You will take the verdict form to the jury room, and when you have reached unanimous agreement as to your verdict, you will have your presiding juror complete, date, and sign the verdict form, and then return to the courtroom.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

Submitted on this _____ day of April, 2024, at _____o'clock ____.m.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE