**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 1:23-CR-00135-RP |
| § | |
| **SAINT JOVITE YOUNGBLOOD,** § | |
| Aka Kota Youngblood § | |
| Defendant. § | |

## UNITED STATES' MOTION FOR ENTRY OF MONEY JUDGMENT

TO THE HONORABLE ROBERT PITMAN, UNITED STATES DISTRICT JUDGE:

The United States seeks an Entry of Money Judgment, which forfeits all right, title, and interest of Defendant in forfeitable property. In support thereof, the United States respectfully offers the following:

### I. INTRODUCTION

Having notified Defendant Saint Jovite Youngblood ("Defendant") of the Government's intention to seek forfeiture of a personal money judgment (as set forth in the Second Superseding Indictment) and in light of the jury's guilty verdict convicting the Defendant, the United States now moves for the entry of a money judgment in the amount of $12,652,784.00 for which the Defendant is liable.

### II. STATEMENT OF THE CASE

The Defendant was charged in a five count Second Superseding Indictment with Counts One through Four, Wire Fraud in violation of 18 U.S.C. § 1343 and § 2; and Count Five Engaging in Monetary Transaction in Criminally Derived Property in violation of 18 U.S.C. § 1957. (Doc. 45). The Second Superseding Indictment provided notice to Defendant of the Government's intent to seek forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and § 982(a)(1), of any property

constituting or derived from gross proceeds traceable to the offense, including but not limited to, a personal money judgment.  (Doc. 45).

The Defendant proceeded to a trial on the merits, which took place between April 15, 2024, and April 23, 2024.  On April 23, 2024, the jury found the Defendant guilty on all counts of the Second Superseding Indictment.  (Doc. 100).  The Defendant's sentencing is currently scheduled for October 3, 2024.  (Doc. 129).

### III. GROUNDS FOR MOTION

The United States hereby requests entry of a money judgment in the amount of $12,652,784.00 for which the Defendant is liable under 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1).

**A.    Legal authority and procedure for a money judgment.**

"As soon as practical after a verdict or finding of guilty," the district court must determine the amount of the personal money judgment that the government seeks.  FED. R. CRIM. P. 32.2(b)(1)(A).  "The court's determination may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."  FED. R. CRIM. P. 32.2 (b)(1)(B).  "If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty."  *Id.*

The district court "must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment…."  FED. R. CRIM. P. 32.2(b)(2)(A).  "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant…."  FED. R. CRIM. P. 32.2(b)(2)(B).

The preliminary order of forfeiture becomes final as to the defendant at sentencing.  FED. R. CRIM. P. 32.2(b)(4)(A).  "The court must include the forfeiture when orally announcing the

sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing." FED. R. CRIM. P. 32.2(b)(4)(B). The forfeiture order must also be included in the court's judgment. *Id.*

**B.      The Court should issue a $12,652,784.00 money judgment based upon the trial record.**

Based on the guilty verdict returned against the Defendant (Doc. 100), the United States hereby moves the Court for forfeiture of a $12,652,784.00 money judgment, which constitutes the proceeds derived or traceable to the offenses for which the Defendant is liable under 18 U.S.C. §§ 981(a)(1)(C), and 982(a)(1).

The United States submits that no evidentiary hearing or further proceedings are necessary as the Court can make its determination based on the evidence and facts presented during the trial on the merits and the matters already contained within the Court's record. *See* FED. R. CRIM. P. 32.2(b)(1)(B) (providing that "court's determination may be based on evidence already in the record …."); *id.* at 32.2(c)(1) (providing that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment").

Forfeiture is provided for in the following pertinent statutes:

- 18 U.S.C. § 981(a)(1)(C)[1] provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."

- 18 U.S.C. § 982(a)(1) provides that, upon conviction for violating 18 U.S.C. § 1957, the court "shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property."

Criminal forfeiture is mandated by statute. *See, e.g., United States v. Taylor,* 582 F.3d 558, 565–

---

[1] "The federal civil forfeiture statute, 18 U.S.C. § 981, applies to criminal cases pursuant to 28 U.S.C. § 2461(c)." *United States v St. Pierre,* 809 F. Supp. 2d 538, 542 (E.D. La. 2011).

66 (5th Cir. 2009) (approving a personal money judgment for wire fraud); *United States v. Tencer*, 107 F.3d 1120, 1134 (5th Cir. 1997) (holding that the forfeiture provisions of Section 982(a)(1) are mandatory).

Here, the evidence adduced at trial and the information contained within the Court's record demonstrate that Saint Jovite Youngblood derived proceeds traceable or involved in the violations to which he was found guilty by the jury. *See* FED. R. CRIM. P. 32.2(b)(1)(B) (providing that "court's determination may be based on evidence already in the record . . . .").

More specifically, during the Defendant's trial, FBI Special Agent Justin Noble testified as to the sum of money involved in the criminal conduct Youngblood was found guilty of between April 2021 through July 30, 2023. Furthermore, the United States offered the following exhibits to convey a summary of the calculations of the proceeds and unexplained wealth the Defendant gained during the timeframe of his criminal conduct:

1. Gov. Trial Ex. 76;
2. Gov. Trial Ex. 77;
3. Gov. Trial Ex. 78;
4. Gov. Trial Ex. 116;
5. Gov. Trial Ex. 245;
6. Gov. Trial Ex. 247;
7. Gov. Trial Ex. 258;

Based on the foregoing evidence, the United States hereby moves the Court to find that it has proven, by a preponderance of the evidence, that the requested Money Judgment for $12,652,784.00 is forfeitable from the Defendant as a result of the violations Title 18 U.S.C. §§ 1343 and 1957 pursuant to 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 982(a)(1)

The United States further moves the Court for entry of the attached Order of Money Judgment which forfeits any and all right, title, and interest of Defendant in the following:

> A sum of money equal to ($12,652,784.00), representing the amount of proceeds and/or property, involved in the violations of Title 18 U.S.C. §§ 1343 and 1957, or any property traceable to such property as described in the Notice of Demand for Forfeiture for which Defendant Saint Jovite Youngblood is liable.

**(hereinafter referred to as "the Subject Money Judgment")**.

**C.      Additional Provisions for the Subject Money Judgment.**

The United States further moves the Court to find that the Subject Money Judgment is a criminal monetary penalty under Conditions 14, 15, and 16 of the United States Western District of Texas Conditions of Probation and Supervised Release.

The United States further moves that should the Court assess a term of probation or supervised release, that Defendant pay said money judgment in accordance with a schedule of payments established by the United States Probation Office to commence after all other criminal debt has been satisfied pursuant to 18 U.S.C. §§ 3612(c), 3663(c)(5), and 3664(j).

The United States further moves the Court to order Defendant to make payments by money order or certified check made payable to the United States Marshals Service and to include the case number of the instant cause on all money orders (*i.e.* Case No. 1:23-CR-00135-RP) and said payments shall be sent to:

**United States Attorney's Office**
**Attn: Asset Forfeiture Unit**
**903 San Jacinto Blvd., Suite 334**
**Austin, Texas 78701**

The United States further moves the Court to order that -- pursuant to FED. R. CRIM. P. 32.2(e), 21 U.S.C. § 853(p), and the guilty verdict -- the United States shall, at its option, be entitled

to the forfeiture of any other property (*i.e.* substitute assets) owned by said defendant equivalent to the value of the Subject Money Judgment.

The United States further moves the Court to order that, pursuant to FED. R. CRIM. P. 32.2(b)(4)(B), at the time of sentencing of Defendant, the Subject Money Judgment be included in his Judgment in a Criminal Case.

## IV.  **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the United States respectfully requests that the Court grant this Motion for Entry of Money Judgment and grant such other and further relief to which the United States is entitled.

Respectfully submitted,

JAIME ESPARZA
UNITED STATES ATTORNEY

By:   **/S/**
MARK TINDALL
Assistant United States Attorney
Texas State Bar #24071364
903 San Jacinto Blvd., Suite 334
Austin, Texas   78701
Tel: (512) 916-5858
Fax: (512) 916-5854
Email: mark.tindall@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2024, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Jeff Senter**
501 Congress Ave.
Suite 150
Austin, Texas 78701
Email: jeff@jeffsenterpc.com
*Attorneys for Defendant Saint Jovite Youngblood aka Kota Youngblood*

/S/
MARK TINDALL
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 1:23-CR-00135-RP |
| § | |
| SAINT JOVITE YOUNGBLOOD, § | |
| Aka Kota Youngblood § | |
| Defendant. § | |

## ORDER OF MONEY JUDGMENT

Came on to be considered the United States of America's Motion for Entry of Money Judgment submitted pursuant to FED. R. CRIM. P. 32.2; 18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 982(a)(7); and 21 U.S.C. § 853(p), and this Court being fully and wholly apprised in all its premises, finds that the United States has proven by a preponderance of the evidence that the below-described money judgment represents the amount of proceeds obtained directly or indirectly and/or property involved in or traceable to the violations of Title 18 U.S.C. §§ 1343 and 1957, by virtue of the jury's guilty verdict against Saint Jovite Youngblood. This Court further finds that said money judgment is a criminal monetary penalty under Conditions 14, 15, and 16 of the United States Western District of Texas Conditions of Probation and Supervised Release. As such, said Motion is meritorious and should be granted.

It is THEREFORE ORDERED that all right, title, and interest of Defendant Saint Jovite Youngblood in the following:

> A sum of money equal to ($12,652,784.00), representing the amount of proceeds and/or property, involved in the violations of Title 18 U.S.C. §§ 1343 and 1957, or any property traceable to such property as described in the Notice of Demand for Forfeiture for which Defendant Saint Jovite Youngblood is liable.

**(hereinafter referred to as "the Subject Money Judgment")** be, and hereby is, FORFEITED to the United States of America.

It is FURTHER ORDERED that should the Court assess a term of probation or supervised release against Defendant, said Defendant shall pay the Subject Money Judgment in accordance with a schedule of payments established by the United States Probation Office to commence after all other criminal debt has been satisfied pursuant to 18 U.S.C. §§ 3612(c), 3663(c)(5), and 3664(j).

It is FURTHER ORDERED that Defendant make payments by money order or certified check made payable to the United States Marshals Service and shall include the case number of the instant cause on all money orders (*i.e.* Case No. 1:23-CR-00135-RP) and said payments shall be sent to:

**United States Attorney's Office**
**Attn: Asset Forfeiture Unit**
**903 San Jacinto Blvd., Suite 334**
**Austin, Texas 78701**

It is FURTHER ORDERED that the United States shall, at its option, be entitled to the forfeiture of any other property (*i.e.* substitute assets) owned by Defendant, equivalent to the value of the Subject Money Judgment

It is FURTHER ORDERED that at the time of sentencing of Defendant Saint Jovite Youngblood, the Subject Money Judgment shall be included in his Judgment in a Criminal Case.

SIGNED this _____ day of _____, 2024.

_____
**ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

2