IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CR-135-RP |
| | § | |
| SAINT JOVITE YOUNGBLOOD, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Defendant Saint Joivite Youngblood ("Defendant") was convicted of four counts of Wire Fraud and one count of Engaging in Monetary Transaction in Criminally Derived Property following a jury trial that concluded on April 23, 2024. (Dkt. 100). On December 4, 2024, Defendant was sentenced. (Dkt. 151). Defendant then filed a notice of appeal. (Dkt. 149). On December 11, 2024, the Court allowed Defendant's trial counsel to withdraw and ordered that Alan Winograd be appointed to represent Defendant during his appeal. (Dkt. 153).

Before the Court now is Defendant's motion to withdraw as counsel, filed on December 18, 2024. (Dkt. 155). In the motion, Mr. Winograd states that he met with Defendant on December 18 and that Defendant indicated that "he did not wish counsel to represent him, but did want another counsel appointed for his appeal." (*Id.*). Accordingly, Mr. Winograd requests that the Court allow him to withdraw, and that new counsel be appointed to represent Defendant for his appeal. (*Id.*).

"The Sixth Amendment guarantees the right to counsel, but indigent defendants have no right to appointed counsel of their choice." *United States v. Conlan*, 786 F.3d 380, 391 (5th Cir. 2015) (cleaned up); *see also Luis v. United States*, 578 U.S. 5, 12 (2016). "The court is constitutionally required to provide substitute counsel only if there is a substantial conflict or problem affecting the ability to represent the defendant—a conflict of interest, a complete breakdown in communication or an

irreconcilable conflict which led to an apparently unjust verdict." *Id.* (cleaned up). Here, Defendant has offered no explanation as to why he does not wish to have Mr. Winograd represent him. He has not argued that there is any substantial conflict that will affect Mr. Winograd's ability to represent Defendant during his appeal, and the Court is unaware of any such issues. Accordingly, given that there is no basis to substitute Mr. Winograd as Defendant's appellate counsel, the Court will deny Defendant's motion.

For these reasons, **IT IS ORDERED** that Defendant's motion to withdraw as counsel, (Dkt. 155), is **DENIED**.

**SIGNED** on January 2, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE