70720S10
Appeal no: 24-S0982
RECEIVED 1:23-cr-00135-RP-1
APR 03 2025
CLERK, U.S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

FILED
APR 04 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY
3/28/25

page 1

Attn: Clerk of the Court for
The Honorable Judge Robert Pitman.

Please note the following — (I have expressed my intent to file this with you, for irreconcilable differences, to mr. winogred)

I am, once again, requesting a change of attorney for my direct appeal. The first request by Mr Winogred was denied by your Honor. I am once again asking for the change for reasons he did NOT go into in his request (attached). My legal rights are not being protected to the best of my attorney's abilities. He is simply going through the motions, already resigned to my inevitable defeat.

First and foremost, please note upon first meeting me 12/18/25 via zoom, Mr Winogred (unshaven, wearing a T-shirt), informed me he had been practicing for 30 years and had NEVER won. When I asked for clarification I was told, and I quote, that no one ever wins and that, although supposedly randomly chosen, HE ALWAYS GETS THE BOTTOM OF THE BARREL, THE WORST CASES BY SOME LUCK OF THE DRAW. This, your honor, is a quote. Hopeless, was the next comment. Going through the motions. (whether you believe me or not, he said this. (Please note paragraph one comment.) "So for now, you are stuck with me."

(continued...)   page 2

I AM NOT THE BOTTOM OF THE BARREL, your Honor. Nor am I HOPELESS.

It is this comment and the others that caused me to request a change. Please note the letter sent to me 2 months later by Mr Winogred, first paragraph page 1

"So, for now you are stuck with me."

This is my life, your Honor. Whether you have a strong dislike of me is irrelevant, your Honor. I am guilty of many things in my life. I AM NOT GUILTY of wire fraud or money laundering. Please, help me.

Mr Winogred, in his motion to withdraw, did NOT pontificate about what led to my request. This direct appeal is for my life and nothing could be more important. I am not being protected. My interests are not be guarded vigilantly. I can not imagine keeping an attorney who (1st impression aside) made said statements to me via Zoom, with my life literally on the line of direct appeal,

(page 3)

(continued...)

with my freedom at stake. I did <u>not ask</u> for the conflict.

Please <u>also</u> note I have asked several times for clarification and direct communication to resolve our differences over his comments. All refused.

Please, with these statements AND his written unprofessional "So, for now you are stuck with me" comment attached, grant me another direct appeal attorney, one not biased against me in any manner. I am not sure I can get a fair attorney in the Austin area, your Honor. Perhaps your Honor would consider an appointment from out of the Austin vicinity? The media attention and attacks I have suffered through the papers and television make it hard for me, as is did throughout my trial process, to get a fair and unbiased representation and/or process. I appreciate your time and anticipated help in this matter. Thankyou

Respectfully,
Saintwite Youngblood

United States District Court
Western District
Case no: USA vs Youngblood; US Court of Appeals
for the 5th circuit, Appeal # 24-50982
Certificate of Service USDC NO:
1:23-Cr-00135-RP-1

I, Saintjavite Youngblood, do hereby certify that on this 28th day of March, 2025 a true and correct copy of my request for new counsel to be appointed to me for my appeal (direct) pending. This certificate of service was given to an FCI Victorville II staff member and placed in the institution mailbox, proper postage attached, and filed pursuant to the "prison mailbox rule", in Houston vs Lack, 487 U.S. 266, 274-76 (1988), and sent via US mail to the clerk of court for the U.S. District court (Western District) 501 W. 5th street suite 1100 Austin, TX 78701

I respectfully request that the clerk of court electronically file a copy of the letter/request enclosed (including exhibit highlighted) with:

United States Attorney's office for the Western District, Texas

United States District Judge Robert Pitman

Attorney Alan Winograd   9600 Great Falls Trail # 150w
                         Austin, TX 78759

I respectfully request that a court appointed appellate attorney to replace Alan Winograd be appointed to me due to irreconcilable differences described (and noted) in attached letter. Thankyou.

Saintjavite Youngblood
70720510
FCI #2, Victorville
P.O. box 3850  Adelanto, CA 92301

# WINOGRAD LAW OFFICE

*State and Federal Appeals*

9600 Great Hills Trail • Suite 150W - #425 • Austin, TX 78759
Tel (713) 553-5971 • Fax (512) 277-6782 • Alan.WinoLaw@gmail.com

February 12, 2025

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY/CLIENT COMMUNICATIONS**
**AND/OR WORK PRODUCT**

VIA CM/RRR # 7019 1120 0000 7829 3745

Mr. Saint Jovite Youngblood
Register No. 70720-510
FCI Victorville Medium II
PO BOX 3850
ADELANTO, CA  92301

RE:  *USA v. Youngblood*; U.S. Court of Appeals for the Fifth Circuit; Appeal No. 24-50982; USDC No. 1:23-Cr-00135-RP-1

Dear Mr. Youngblood,

I sent you this letter about a month ago, but wasn't sure if you had received it since it was mailed to your old address. I filed a motion to withdraw and requested another attorney to be appointed to your appeal, but the judge denied it. I have enclosed a copy of my motion to withdraw and the judge's order for your review. So, for now you are stuck with me. By judicial order under the Criminal Justice Act, the U.S. District Court appointed me to represent you in your appeal. I look forward to working with you and would like to explain how the appellate process works, which is much different than what you just went through in the district court.

The Court of Appeals considers only evidence presented to the district court and does not hear witnesses or consider any evidence not already offered or filed in the trial court. This is not a re-trial of your case. Instead, the Appellate Court will decide your case based only on the written brief that I write and file on your behalf and the brief filed by the United States.

Our brief will be due 40 days from the date once the record on appeal (ROA) has been provided to me. I have or will be ordering the transcripts of all the hearings

from the court reporters. The clerk of the court will provide me with a copy of the transcripts and all the documents and other pleadings filed in your case which is called the record on appeal (ROA). This is the only information I can use to write and then file the appellate brief with the court of appeals. This usually takes a few months.

Once I get a copy of the appellate record, I will examine it to find any errors that may have occurred at the trial court. If I find an error, I will argue that the error is reversible which would require the sentence and/or verdict to be returned to the trial court for retrial or resentencing.

There are two types of errors: reversible and harmless. Reversible errors are errors that happened in the trial court that affected the outcome of your case. If the appellate court decides that there was reversible error, it will reverse either the verdict or sentence and send it back to the trial court to start all over again. However, most errors are considered harmless because they do not affect the outcome of the case.

Sometimes it is necessary to get extensions of time to file the briefs. I will let you know if extra time is needed by myself or the Government. I will also send you copies of all the briefs filed in your case. So it is very important for you to keep me updated on your location if you are moved, so that I know where to contact you.

I may request an oral argument, but the Court of Appeals decides whether or not they want it or not.  If the Court orders oral argument, I will present the case on your behalf before three United States Circuit judges. Although the hearing is open to the public, you will not be permitted to attend the argument. The arguments are based solely on the briefs and each side has 20 minutes to argue.

Your case will be decided by a written decision with or without oral argument. If the case is argued, the decision will generally be issued about 120 days after argument, give or take.

It's hard to predict how long it will take for your case to be decided. This depends on whether the briefs are filed without extensions, how soon the case is scheduled for argument, how long it takes the Court to reach a decision, and how many cases are ahead of you.

Most criminal appeals take about one year after the notice of appeal has been filed to resolve. If the Court of Appeals affirms your conviction or sentence, I will inform you of what additional options you have at that time.

If it were necessary, I would certainly come to see you to discuss your case, but generally it is not necessary. Because the appeal is created from the record already before the Court, in most cases I can communicate best by letter or email with my appellate clients. I encourage you to write to me about the issues you think should be raised in your appeal, but it is ultimately my responsibility to decide what issues to include in the brief.

Many issues you believe should be argued are not allowed to be brought up on a direct appeal or may be considered groundless by the appellate court. For example, many clients want me to raise an ineffective assistance claim against their trial counsel, but this issue can rarely be raised on direct appeal since it requires evidence outside the appellate record. However, this is almost always done by filing a habeas corpus petition after the direct appeal has been completed. Based on my experience, most appeals will only have a couple of valid issues to argue.

You may have heard the saying, "be careful what you ask for, you might just get it." Many clients mistakenly believe that if they win an appeal, the case will be over. This happens, but only very rarely.

The result of an appeal depends on the specific issues raised in the brief. If the appeal challenges the sufficiency of the evidence (whether the government proved each element of the offense) and you win, the relief is essentially an acquittal. Technically, the appellate court vacates (reverses) the conviction and directs the district court to acquit the defendant and dismiss all charges.

However, most appeals assert what are called "trial errors." These types of errors include admission of evidence contrary to the rules of evidence, procedural violations, improper argument, error in instructing the jury, and sentencing errors. If it is these types of errors, the result is a new trial or sentence.

So, upon winning an appeal, you will be in the same place as you were in prior to trial or sentencing, facing the same charges in the same court. If you are reading this letter, you have likely endured a trial or sentence hearing already.

So, a new trial or sentence hearing means you are starting all over again. Of course, things may go differently the second time around- you could get a lower sentence. Everyone thinks they will get a better plea offer or sentence after a win on appeal, but sometimes it results in a *worse* plea offer or *longer* sentence. In most cases, the grueling process starts all over again. It is very difficult to win an appeal, but it is possible.

In any event, I look forward to representing you in your appeal. If you have any questions about anything contained in this letter, please do not hesitate to contact me. I will try to respond promptly to you.

Sincerely,

*Alan Winograd*
Alan Winograd

Enclosure:
Motion to Withdraw
Order Denying Motion to Withdraw

## Rule 1.3. Diligence and zeal.

(a) A lawyer shall represent a client zealously and diligently within the bounds of the law.

(b) A lawyer shall not intentionally:

(1) Fail to seek the lawful objectives of a client through reasonably available means permitted by law and the disciplinary rules; or

(2) Prejudice or damage a client during the course of the professional relationship.

(c) A lawyer shall act with reasonable promptness in representing a client.

**Court Commentary**

[1] The duty of a lawyer, both to the client and to the legal system, is to represent the client zealously within the bounds of the law, including the Rules of Professional Conduct and other enforceable professional regulations, such as agency regulations applicable to lawyers practicing before the agency. This duty requires the lawyer to pursue a matter on behalf of a client despite opposition, obstruction, or personal inconvenience to the lawyer, and to take whatever lawful and ethical measures are required to vindicate a client's cause or endeavor. A lawyer should act with commitment and dedication to the interests of the client. However, a lawyer is not bound to press for every advantage that might be realized for a client. A lawyer has professional discretion in determining the means by which a matter should be pursued. See Rule 1.2. A lawyer's workload should be controlled so that each matter can be handled adequately.

[2] This duty derives from the lawyer's membership in a profession that has the duty of assisting members of the public to secure and protect available legal rights and benefits. In our government of laws and not of individuals, each member of our society is entitled to have such member's conduct judged and regulated in accordance with the law; to seek any lawful objective through legally permissible means; and to present for adjudication any lawful claim, issue, or defense.

[3] The bounds of the law in a given case are often difficult to ascertain. The language of legislative enactments and judicial opinions may be uncertain as applied to varying factual situations. The limits and specific meaning of apparently relevant law may be made doubtful by changing or developing constitutional interpretations, ambiguous statutes, or judicial opinions, and changing public and judicial attitudes.

[4] Where the bounds of law are uncertain, the action of a lawyer may depend on whether the lawyer is serving as advocate or adviser. A lawyer may serve simultaneously as both advocate and adviser, but

2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

## Rule 1.4. Communication.

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

(c) A lawyer who receives an offer of settlement in a civil case or a proffered plea bargain in a criminal case shall inform the client promptly of the substance of the communication.

**Comment to 2007 Revision.**

[1] The client should have sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued, to the extent the client is willing and able to do so. For example, a lawyer negotiating on behalf of a client should provide the client with facts relevant to the matter, inform the client of communications from another party, and take other reasonable steps that permit the client to make a decision regarding a serious offer from another party. A lawyer who receives from opposing counsel an offer of settlement in a civil controversy or a proffered plea bargain in a criminal case is required to inform the client promptly to inform the client of its substance. See Rule 1.2(a). Even when a client delegates authority to the lawyer, the client should be kept advised of the status of the matter.

[2] A client is entitled to whatever information the client wishes about all aspects of the subject matter of the representation unless the client expressly consents not to have certain information passed on. The lawyer must be particularly careful to ensure that decisions of the client are made only after the client has been informed of all relevant considerations. The lawyer must initiate and maintain the consultative and decision-making process if the client does not do so and must ensure that the ongoing process is thorough and complete.

[3] Adequacy of communication depends in part on the kind of advice or assistance involved. The guiding principle is that the lawyer should fulfill reasonable client expectations for information consistent with (1) the duty to act in the client's best interests, and (2) the client's overall requirements and objectives as to the character of representation.

[4] Ordinarily, the information to be provided is that appropriate for a client who is a comprehending and responsible adult. However, fully informing the client according to this standard may be impracticable, for example, where the client is a child or suffers from mental disability. See Rule 1.14. When the client is an organization or group, it is often impossible or inappropriate to inform every one of

DCRULES                                               1

2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

NAME: Youngblood S
REG #: 70720510
FEDERAL CORRECTIONAL INSTITUTION #2
P.O. BOX 3850
ADELANTO, CA 92301

SCREENED BY CSO'S
APR 0 3 2025

— Legal mail —

US District Court Clerk
Western District
(Judge Robert Pitman)
501 West 5th Street #1100
Austin, Texas 78701

Legal Mail —

3-29-2025