**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SAINT JOVITE YOUNGBLOOD** | § | |
| | § | |
| **V.** | § | **1:23-CR-135(1)-RP** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

# ORDER

Before the Court is Movant Saint Jovite Youngblood's request for the appointment of counsel to assist in filing a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#206). There is no constitutional right to have an attorney appointed when a prisoner collaterally attacks his conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). On the other hand, this Court is permitted to appoint counsel to a person seeking relief under § 2255 where "the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(g). Additionally, an indigent prisoner has a statutory right to appointed counsel in § 2255 cases if an evidentiary hearing is required. Rule 8(c), Rules Governing Section 2255 Proceedings.

To date, Youngblood has yet to file a motion pursuant to § 2255. Until such a motion can be reviewed to determine whether a hearing is required, a judge has discretion over whether to appoint counsel. At this time, the Court determines that an evidentiary hearing as provided by Rule 8 is not required. If, at a later date, the Court decides to hold an evidentiary hearing, the Court will appoint counsel to represent Youngblood.

It is therefore **ORDERED** that the Motion to Appoint Counsel (#206) is **DENIED**, subject to later appointment if it is determined that counsel is necessary.

**SIGNED** on November 10, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE