FILED

NOV 12 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY DEPUTY CLERK

*

UNITED STATES DISTRICT COURT
WESTEREN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA,
Plaintiff,
v.
SAINT JOVITE YOUNGBLOOD,
Defendant.

Case No. 1:23-cr-135-RP

Honorable Robert L. Pitman

MOTION FOR RECUSAL PURSUANT TO 28 U.S.C. 455

Now comes the Defendant, Saint Jovite Youngblood, pro se, who respectfully requests, pursuant to 28 U.S.C. 455, that the Honorable Robert L. Pitman and Magistrate Judge Mark P. Lane recuse themselves from the Defendant's forthcoming Motion to vacate, set aside, or correct sentence under 28 U.S.C. 2255. The Defendant presents the following in support:

Title 28 U.S.C. 455(a) of the U.S. Code provides that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which impartiality might reasonably be questioned." The "purpose of 455(a) is not just to prevent actual partiality, but to avoid even the appearance of partiality." Republic of Pan. v. American Tobacco Co. Inc., 217 F. 3d 343, 346 (5th Cir. 2000).

Subsection (b)(1) provides that a judge "shall also disqualify himself" when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. 455(b)(1). Subsections (a) and (b)(1) "afford separate, though overlapping, grounds for recusal." Andrade v. Chojnacki, 338 F. 3d 488, 455 (5th Cir. 2003). Both subsections require the court to evaluate three factors in making its decision: (1) whether the bias is based on extrajudicial or intrajudicial sources, (2) whether the specific facts shown in the motion would cause an objective observer to harbor doubts regarding the judge's impartiality; and (3) the timeliness of the party's motion. Id.; Patterson v. Mobil Oil Corp., 335 F.3d 476, 484 (5th Cir. 2003).

In evaluating these factors, first, the Court should consider "whether the alleged bias 'was of extrajudicial origin,' that is, whether it was based on events or information outside the judicial proceedings." Andrade, 338 F. 3d at 455. Alleged bias arising from an intrajudicial source requires recusal only if there is a "display of deep-seated favoritism or antagonism that would make fair judgment impossible." Id (quoting Liteky v. United States, 114 S. Ct. 1147 (1994)). Additionally, "adverse rulings or comments by a judge will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." United States v. Brocato, 4 F. 4th 296, 302 (5th Cir. 2021).

Second, a motion brought pursuant to any subsection of 455 must state specific facts such that a reasonable observer, knowing all the circumstances, would "harbor doubts about the judge's impartiality." Travelers Ins. Co. v. Liljeberg Enterprises, 38 F. 3d 1404, 1408 (5th Cir. 1994). "The decision to recuse is committed to the sound discretion of the District Court." In re Chevron U.S.A. Inc., 121 F. 3d 163, 165 (5th Cir. 1997). Additionally, the recusal inquiry "asks how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." United States v. Jordan, 49 F. 3d 152, 156 (5th Cir. 1995). Third, "section 455 obligates a party to raise the disqualification argument at a reasonable time in the litigation." Anderson, 160 F, 3d at 234. Here, the above factors supports grounds for recusal in this case.

An objective observers review of the Hearing transcripts in this matter shows a display of deep-seated antagonism by Judges Pitman and Lane that would make fair judgment impossible. For Example, at the Preliminary and Detention Hearing held on August 10, 2023 before the Honorable Mark P. Lane, the court displayed animosity and bias towards the Defendant (R. 25: Hearing Trans. pg id # 1- 114). The Court stated, "Based on the evidence I heard, Mr. Youngblood, you have an elaborate history of not telling the truth. After hearing the testimony, all I can say is Wow. The number of lies, the depth of those lies, is beyond anything I have ever heard. And I've been around a long time. Absolutely incredible (R. 25: Hearing Trans. pg id # 108).

"The money always seemed to go one way. It went to a guy who doesn't work. There's nothing here that indicates any work whatsoever. If you have a work history, Ms. Herring would have shared it with me. You're a poor gambler." (R. 25: Hearing Trans. pg id # 110).

"Mr. Youngblood, I wouldn't trust you with 10 bucks. I wouldn't trust you with an important decision in my life, and I trust that most of the people in this courtroom wouldn't either. Your word is incapable of belief..." (R. 25: Hearing Trans. pg id # 112).

"So I've already reached this conclusion but I'll tell you this lastly, I always hope there's a special place for thieves one day. But for me, as the son of a career military officer, one who survived Vietnam who raised a family, and we were never rich, I have particular disdain for anybody who steals the valor of the men and women who really earned it, earned it on a battlefield, or earned it in uniform." (R. 25: Hearing Trans. pg id # 113).

Judge Lane's comments at the Detention hearing prove that he made a decision regarding Youngblood's guilt and formed an opinion of him before he had the opportunity to present any evidence to defend himself of the charges waged against him. Judge Lane called the Defendant a liar and stated his belief that himself and others shouldn't trust Mr. Youngblood. He commented on Youngblood's gambling habits, calling him a "poor gambler," which is not relevant to the charged offense.

And Judge Lane flat out said he has particular disdain towards Mr. Youngblood. These comments support a claim of bias which would make fair judgment impossible.

In regards to Judge Pitman being recused, at the Sentencing Hearing held on December 4, 2024, he antagonized the Defendant by offering his unfounded belief regarding Mr. Youngblood's mental condition. The Court stated, "Some people in the past have believed part or all of what you say, but nobody does anymore, and I wonder if you do, is it because there's some personality disorder here?" (R. 176: Sent. Tans. pg id # 93). That opinion is based on events outside the judicial proceedings because a motion regarding Youngblood's competency was never filed. The Defendant was never evaluated to see if he is suffering from a mental disease or if he was insane at the time of the offense. Therefore, a biased opinion expressed on the Defendant's mental health demonstrates personal bias and prejudice.

Judge Pitman further explains, "I've been doing this a long time, I've seen a lot of people steal a lot of money from a lot of people, seen a lot of con men, but there is an aspect of this one that is particularly disturbing and that is that there was more than taking money. There was feeding some sick psychological need that this man has to see other people suffer..." (R. 176: Sent. Trans. pg id # 93). These statements further offers unfounded beliefs of Youngblood's psychological condition, and support a claim of bias which would make fair judgment impossible.

Most concerning, is Judge Pitman's belief that Mr. Youngblood is a "pathological liar." Judge Pitman stated, "I think you're a pathological liar...the more you talk, the more I'm convinced that you're not only a pathological liar, but there's an aspect of your crimes that I have not seen before in my career as a prosecutor and as a Judge and that is the gratuitous cruelty of it." (R. 176: Sent. Trans. pg id # 92). Because the court believes that the Defendant is a pathological liar, there is no possible way it could objectively consider the merits of Mr. Youngblood's forthcoming 28 U.S.C. 2255 petition, memorandum of law and facts, Affidavit, and other supporting motions and documents. This court clearly stated on the record that nothing Youngblood says can be believed. As such, Judge Pitman must disqualify himself from any further proceedings in this case.

An objective observer would agree that the facts presented in this motion support recusal in this case. Judges Pitman and Lane must recuse themselves from any further proceedings to avoid their impartiality from being questioned. Further, because Mr. Youngblood filed a writ of certiorari with the Supreme Court of the United States, his motion under 28 U.S.C. 2255 is not due to be filed until one year after the Supreme Court renders its decision on his writ of certiorari. Therefore, this motion is timely filed.

Wherefore, in the interests of due process, fairness, and justice, based on the above aforementioned facts, the Defendant respectfully requests that Judges Mark P. Lane and Robert L. Pitman recuse themselves from any further proceedings and this Motion for Recusal pursuant to 28 U.S.C. 455 be GRANTED.

Done this 2nd day of November, 2026.

Respectfully submitted,

Saint Jovite Youngblood 70720-510
FCI Williamsburg
PO Box 340
Salters, SC 29590

Saint Jovite Youngblood 70720-510
FCI Williamsburg
PO Box 340
Salters, SC 29590

Re: Case No. 1:23-cr-135-RP

November 2, 2026

Dear Clerk of Court:

I have enclosed my motion for recusal pursuant to 28 U.S.C. 455. Can you please file this motion on my behalf and send me a date stamped copy of the cover page to the above listed address so I can know that everything was filed.

I appreciate your assistance in this very important matter. Thanks again for your help.

Sincerely,

[signature]

Saint Jovite Youngblood

Youngblood Saint
#70720510
FCI Williamsburg
P.O. box 340
Salters, SC 29590




SCREENED BY CSO'S
NOV 09 2026

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
CERTIFIED MAIL®
9589 0710 5270 4071 8856 31

Office of the Clerk
US District Court
The Honorable Robert Pitman
501 West 5th Street suite S300
Austin, TX 78701

LEGAL MAIL
LEGAL MAIL
LEGAL MAIL

FCI/SCP W[illegible]LIAMSBURG
P O [illegible] 220
SALT[illegible] SC 29590
Date: 10/2/2026
The enclosed letter was [illegible]ed through special mail procedures for forw[illegible] [illegible] you. The letter was neither opened nor i[illegible] [illegible]. If the writer raises a problem over which th[illegible] [illegible]ity has jurisdiction, you may wish to ret[illegible] [illegible]terial for further information or clari[illegible] [illegible]. If the writer encloses correspondence for [illegible] [illegible]g to another address, return the enclos[illegible] [illegible] the above address

Mail [illegible] Officer